IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALISON WAINWRIGHT DAVITT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:19CV00456 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| VIRGINIA POLYTECHNIC INSTITUTE | ) | By: Hon. Glen E. Conrad |
| AND STATE UNIVERSITY, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Alison Wainwright Davitt filed this action against Virginia Polytechnic Institute and State University ("Virginia Tech"), asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Family and Medical Leave Act ("FMLA"), and the Rehabilitation Act. Virginia Tech has moved to dismiss the Title VII claims for failure to exhaust administrative remedies. For the following reasons, the motion will be denied.

**Background**

On February 19, 2019, Davitt filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Davitt alleged, among other things, that she was subjected to gender discrimination and retaliation while working for Virginia Tech's College of Veterinary Medicine.

On March 20, 2019, the EEOC sent Davitt a "Dismissal and Notice of Rights," commonly known as a "right-to-sue letter." In the letter, the EEOC issued the following "determination": "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." Right-to-Sue Letter 1, Dkt. No. 13-2. The EEOC further advised as follows:

> This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.

Id. (emphasis in original). On June 17, 2019, Davitt timely filed the instant action against Virginia Tech, asserting claims under Title VII, the FMLA, and the Rehabilitation Act .

Virginia Tech has moved to dismiss the Title VII claims under Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies. The parties have waived oral argument, and the motion is now ripe for decision.

## **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.[1] To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When ruling on a motion to dismiss, the court "may . . . consider documents incorporated into the complaint by reference, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency, 745 F.3d 131, 136 (4th Cir. 2014) (internal quotation marks and citation omitted).

## **Discussion**

Virginia Tech argues that Davitt failed to properly exhaust her administrative remedies prior to filing suit under Title VII. More specifically, Virginia Tech contends that this court must

---

[1] The Supreme Court has recently held that Title VII's administrative-exhaustion requirement is not jurisdictional. Fort Bend Cty. v. Davis, 139 S. Ct. 1843, 1846 (2019). Instead, it is "properly ranked among the array of claim-processing rules that must be timely raised to come into play." Id. Accordingly, the motion to dismiss is properly brought under Rule 12(b)(6), rather than Rule 12(b)(1).

2

dismiss Davitt's Title VII claims because "the EEOC only retained authority over [Davitt's] claims for 30 days and not 180 days as required by 42 U.S.C. § 2000e-5(f)(1)." Br. Supp. M. Dismiss 3, Dkt. No. 11. For the following reasons, the court disagrees.

First, the court believes that Virginia Tech's argument is unsupported by a plain reading of the cited statutory provision. Section 2000e-5(f)(1) does not require the EEOC to wait 180 days before dismissing a charge. Instead, the statutory provision specifies the instances in which the EEOC must issue a right-to-sue letter, one of which is if the Commission dismisses a charge of discrimination:

> If a charge filed with the Commission . . . is dismissed by the Commission, **or** if within one hundred and eighty days from the filing of such charge . . . , the Commission has not filed a civil action . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . .

42 U.S.C. § 2000e-5(f)(1) (emphasis added). Although this provision plainly requires the EEOC to issue a right-to-sue letter if does not take certain actions within 180 days, the provision does not preclude the EEOC from dismissing a charge of discrimination less than 180 days after the charge is filed. To the contrary, it appears that "dismissing a charge before 180 days" have passed is "an action explicitly allowed in the statute." Hardy v. Lewis Gale Med. Ctr., LLC, 377 F. Supp. 3d 596, 610 (W.D. Va. 2019) (Dillon, J.); see also Evans v. MAAX-KSD Corp., 2:06-cv-02804, 2006 U.S. Dist. LEXIS 87142, at *15 (E.D. Pa. Nov. 29, 2006) ("[I]f the EEOC dismisses a charge, it must issue a right to sue notice without the claimant (or EEOC) satisfying any other preconditions . . . . In that case, the statute does not contemplate a claimant waiting until 180 days ha[ve] elapsed from the filing of his charge before receiving a right to sue notice. Rather, it requires the EEOC to issue a right to sue notice immediately.") (emphasis in original).

3

Second, Virginia Tech fails to recognize a distinction made in Hardy, on which it relies. Hardy was filed by several employees of Lewis Gale Medical Center, LLC ("Lewis Gale"), each of whom had previously filed charges of discrimination with the EEOC. As was true in this case, the EEOC dismissed two of the charges of discrimination because it was unable to conclude that the information obtained established statutory violations. Id. at 610 n.5. However, for other charges, the EEOC determined that it would be unable to complete its administrative processing within 180 days. Id. at 607. Consequently, the EEOC issued early right-to-sue letters pursuant to a regulation promulgated by the EEOC. Id.; see also 29 C.F.R. § 1601.28(a)(2) (permitting the issuance of an early right-to-sue letter upon the request of a claimant if the EEOC determines that "it is probable that the [EEOC] will be unable to complete the administrative processing of the charge within 180 days from the filing of the charge"). Lewis Gale moved to dismiss the Title VII claims of plaintiffs who requested and received early right-to-sue letters. Judge Dillon ultimately agreed with Lewis Gale that 29 C.F.R. § 1601.28(a)(2) is "invalid," and that the Title VII claims of the plaintiffs who requested and received early right-to-sue letters pursuant to the regulation "must be remanded to the EEOC for further administrative proceedings."[2] Hardy, 377 F. Supp. 3d at 607. Notably, however, Judge Dillon did not remand the Title VII claims for which charges of discrimination were actually dismissed by the EEOC. Instead, those claims were allowed to proceed. See id. at 611 ("The Title VII claims of Plaintiffs Sanders I . . . and Hendricks I remain."); see also id. n.5 (noting that the charges filed by Sanders I and Hendricks I were dismissed by the EEOC).

---

[2] The United States Court of Appeals for the Fourth Circuit has not yet addressed the validity of this particular regulation. Other circuits have split on the issue. See Hardy, 377 F. Supp. 3d at 607 (collecting cases).

In this case, the EEOC did not issue an early right-to-sue letter pursuant to the regulation challenged in Hardy. Instead, the EEOC formally dismissed Davitt's charge of discrimination and advised her that she must file suit within 90 days. The court is convinced that such action comports with 42 U.S.C. § 2000e-5(f)(1), and that Davitt properly exhausted her administrative remedies. Accordingly, the court must reject Virginia Tech's argument to the contrary. See Thomas v. Wash. Metro. Area Transit Auth., 305 F. Supp. 3d 77, 83 (D.D.C. 2018) (rejecting the same argument and holding that plaintiffs like Davitt "need not wait 180 days after filing with the EEOC when the EEOC has already dismissed their administrative actions").

## **Conclusion**

For the reasons stated, Virginia Tech's partial motion to dismiss will be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 15th day of November, 2019.

Senior United States District Judge