### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

**ALISON WAINWRIGHT DAVITT,**

      **Plaintiff,**

**v.**                                                                 **Case No.: 7:19-cv-456**

**VIRGINIA-MARYLAND REGIONAL**
**COLLEGE OF VETERINARY MEDICINE,**

**and**

**VIRGINIA POLYTECHNIC INSTITUTE**
**AND STATE UNIVERSITY |**
**COMMONWEALTH OF VIRGINIA,**

      **Defendants.**

### JOINT RULE 26(f) PLAN

The parties, come, pursuant to Fed. R. Civ. P. 26(f), having met and conferred, to respectfully submit the Joint Discovery Plan (the "Plan") as set forth below:

**I.      Nature and basis of claims and defenses and the possibilities for promptly settling or resolving the case.**

The parties have discussed the general nature and basis of each other's claims and defenses.  The parties believe there is no opportunity for settlement at this time.

**II.      Rule 26(f) Discovery Plan.**

For all ESI discovery permitted under Rule 26, the parties agree to limit the relevant periods (the "Relevant Period") for discovery from the various parties from November 1, 2017 (date of Dean Daniel named interim Dean) to October 4, 2018 (Date of Plaintiff's non-reappointment).

The parties reserve the right to move for leave to modify the applicable Relevant

Period should the need arise.

Pursuant to Rule 26(f) and the November 21, 2019 Scheduling Order (Dkt. No. 20), the parties jointly propose the following agreed plan supplementing/amending the discovery provisions set forth in the Pretrial Order:

(A)    Rule 26(a) Initial Disclosures will be provided by Plaintiff by January 10, 2019 and by Defendant by January 24, 2019, as detailed in the Order.

(B)    Plaintiff shall make her Rule 26(a)(2) expert witness disclosures on or before July 1, 2019.  Defendant shall make expert witness disclosures fifteen (15) days thereafter.

(C)    Regarding electronic discovery issues, see Part III, below.

(D)    Regarding issues of assertion or privilege and protection of trial preparation materials, see Part III, below ("Privileged Produced Information").

(E)    The parties do not anticipate the need for limitations on discovery.

(F)    It appears necessary for a Protective Order to be entered and counsel for Defendant will submit a proposed Protective Order along with written discovery requests.

(G)    The parties agree to transmit and/or serve discovery requests and responses by electronic means (e.g. electronic mail and/or electronic file sharing means).

(H)    The parties agree to resolve discovery disputes, including disputes concerning protective orders, if necessary, in the following manner: 1) telephone conference ("meet and confer") between the parties to discuss the discovery issue(s); followed by (2) informal teleconference with the assigned United States Magistrate Judge; followed by (3) filing of a Motion requesting the Court take formal action.

(I)    Should a protective order be requested by either party, the parties agree to

comply with the Local Rules of the Western District of Virginia when third party employment files may be at issue in the case.

### III.    Discovery of Electronically Stored Information ("ESI").

The parties will comply with the rules governing electronic discovery set forth in the Federal Rules of Civil Procedure, applicable local rules, and decisional law.  The parties hereby submit the following summary of the parties' conference and agreement regarding electronic discovery matters:

1.    <u>Preservation</u>:  The parties agree that they will exchange with their Initial Disclosures, a document describing how electronically stored information ("ESI") has been preserved to date, including litigation hold processes that have been implemented. The parties agree to securely maintain, and not destroy or delete, sources of potentially discoverable information created during the Relevant Period, including, to the extent they exist, (i) email back-up tapes, computer hard drives and servers, and (ii) network back-up tapes (i.e. tapes or other similar media onto which back-up systems store ESI).  To the extent they exist, the parties agree to preserve all such back-up tapes and other ESI created during the Relevant Period.

2.    <u>Search Terms</u>:  The parties have agreed to the following protocol regarding the use of search terms to decrease the scope of production in a manner consistent with the letter and spirit proportionality embodied in Rule 26(b).  The parties have agreed to an iterative search process and to exchange multiple sets of search terms.  At the end of the process, the search terms provided by the Searching Party will be applied to the ESI of the Producing Party.  The Producing Party will then create an ESI data set with the results and that ESI will be produced subject to an agreed ESI Protocol.  The first set of

search terms will be provided with each party's Initial Disclosures.  Thereafter, the parties will work in good faith to revise the list of search terms based upon the reasonable requests of the Searching Party and the provision of search term results from the Producing Party, to include for each set of search terms, the total number of documents (including attachments) identified within the full data set for each search term responsive ESI will be produced on a rolling basis with an initial production by or before the deadlines applicable under the Requests for Production of Documents and Rule 34, provided that the parties have agreed on search terms and custodians prior to the service of Requests for Production of Documents.  The parties agree to work in good faith to agree upon reasonable search terms and Key Custodians.  The parties agree to produce the ESI in searchable PDF format on a platform capable of reviewing the aforementioned ESI.

3.    <u>"Excessive" ESI Data Set:</u>    If one or more of Search Party's proposed search terms produce more than 800 "hits," Plaintiff, Defendant, and the parties' Vendor(s), if applicable, will have a teleconference within fourteen (14) days of the Producing Party notifying the Searching Party of the one or more proposed search terms produced the "excessive" number of hits.

4.    <u>Identification of Custodians:</u>    To facilitate the identification of the appropriate employees who may possess relevant documents, the parties agree to provide to each other with their Initial Disclosures the identification of employees and third parties that they reasonably believe could have access to, control over or responsibility for potentially discoverable information.  The parties will meet and confer in good faith and exchange additional information as may be necessary to facilitate the identification, and limit the number, of employees for whom the provisions of this section shall be applicable.

The parties have also agreed to work in good faith to identify on whether particular individuals are "Key Custodians" or "Non-Key Custodians". ESI is required to be collected only from Key Custodians. Non-Key Custodians are required to receive a litigation hold memorandum.

5. <u>Privileged Produced Information:</u>   The parties hereby invoke the protections of Federal Rule of Evidence 502.

6. <u>Information Not Reasonably Accessible.</u>  With their initial document productions, the parties agree to identify potentially discoverable information that each party asserts is not reasonably accessible pursuant to Fed. R. Civ. P. 26(b)(2)(B) to the extent that such determination can be made. For all such potentially discoverable information, the parties will indicate whether the data is catalogued or otherwise organized, such that the parties can determine more precisely what type of potentially discoverable information may exist, and whether the potentially discoverable information can be selectively searched.

7. <u>Unavailable Information</u>.  With their initial document productions, the parties agree to identify, to the extent that they are aware, responsive or potentially responsive data that was at one time available but is no longer available in any form, indicating why the data is no longer available, when it became unavailable, and who is responsible for ordering its destruction and destroying it.

8. <u>No Waiver of Objections</u>.  By agreeing to preserve potentially discoverable information in accordance with the terms hereof, the parties do not waive any objection to the discovery or admissibility of such information.

AGREED:


  /s/ N. Winston West, IV
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB #92598)
STRELKA LAW OFFICE, PC
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA  24011
Tel:  540-283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com

*Counsel for Plaintiff*


   /s/ M. Hudson McClanahan*
Kay Heidbreder, Esquire
University Legal Counsel and
Senior Assistant Attorney General
University Legal Counsel
heidbred@vt.edu

M. Hudson McClanahan, Esquire
Associate University Legal Counsel and
Assistant Attorney General
University Legal Counsel (0121)
Hud3@vt.edu

*Counsel for Defendant*

*Signed with written permission of counsel

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 27th day of February, 2020, the foregoing was sent to the following attorneys for the Defendants via the Court's electronic CM/ECF system.

Kay Heidbreder, Esquire
University Legal Counsel and
Senior Assistant Attorney General
University Legal Counsel
heidbred@vt.edu

M. Hudson McClanahan, Esquire
Associate University Legal Counsel and
Assistant Attorney General
University Legal Counsel (0121)
Hud3@vt.edu

*Counsel for Defendant*

**_/s/N. Winston West, IV_**
**N. Winston West, IV**